Homer B. Ramsey, Esq. (Bar No. 042661997)
Jeffrey L. Chase, Esq. (Bar No. 000501977)
Michael B. Gallub, Esq. (*pro hac vice* to be filed)
**CHASE, KURSHAN, HERZFELD & RUBIN, LLC**
354 Eisenhower Parkway, Suite 1100
Livingston, New Jersey 07039
Telephone: (973) 535-8840

*Attorneys for Defendant,*
*Audi of America, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD F. BROWNE, JR., on behalf of himself and all others similarly situated,<br><br>     Plaintiffs,<br><br> vs.<br><br>AUDI AG and AUDI OF AMERICA, LLC,<br><br>     Defendants. | Civil Action No._____<br><br>*Document electronically filed*<br>**NOTICE OF REMOVAL**<br><br>[Previously pending in the Superior Court of New Jersey, Camden County, Law Division, Docket No. L-002684-18] |

**TO: The Judges of the United States District**
**Court for the District of New Jersey**

  **PLEASE TAKE NOTICE THAT** Defendant Audi of America, LLC, (also

referred to herein as "Defendant"), by and through its counsel, Chase, Kurshan,

Herzfeld & Rubin, LLC, respectfully requests that this action be removed from the

Superior Court of New Jersey, Law Division, Camden County to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332(d) and 1441(a), and in support thereof states as follows:

1. This civil action was commenced and is pending in the Superior Court of the State of New Jersey, Camden County, under Case Number L-002684-18.

2. The Class Action Complaint ("Complaint") in this matter was filed on July 19, 2018, and served upon Audi of America, Inc.'s agent for service of process on August 2, 2018. A true and correct copy of the summons and complaint is attached as Exhibit A.

3. The time within which to answer or move with respect to the Complaint has not expired, and removal is timely pursuant to 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999) (time for removal runs from receipt of formal service of process).

## **FEDERAL JURISDICTION EXISTS UNDER THE CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1332(d)**

4. Defendant Audi of America, LLC may remove this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453. Specifically, subject matter jurisdiction exists under CAFA because: (a) at least one member of the

potential class is a citizen of a different state than Audi of America, LLC and Audi AG; (b) the proposed class exceeds one hundred members; and (c) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

Minimal Diversity of Citizenship Exists

5.   Minimal diversity exists under CAFA where one or more class members (named or unnamed) is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(1)(D) and 1332(d)(2)(A).

6.   Defendant Audi of America, LLC is a citizen of Delaware and Virginia within the meaning of 28 U.S.C. § 1332(d). Audi of America, LLC is a limited liability company organized under the laws of Delaware, and having its principal place of business in Herndon, Virginia. Compl. ¶ 12; *see Coleman v. Chase Home Fin. LLC,* 2009 U.S. Dist. LEXIS 40162, *5 (D.N.J. May 11, 2009) (holding that under CAFA a LLC is "a citizen of the State where it has its principal place of business and the State under whose laws it is organized").

7.   Defendant Audi AG has not been served with process.  In any event, Audi AG is a German corporation having its principal place of business in Ingolstadt, Germany.  Compl ¶ 13.

8.   Named Plaintiff Donald Browne is a citizen of the state of New Jersey. Compl. ¶ 10.

9. Further, as Plaintiff seeks to certify a class of "[a]ll New Jersey citizens who had replacement brakes installed on their Audi Q7 vehicles…," Compl. ¶ 16, all members of the proposed class, including Plaintiff Browne, are citizens of a state other than Delaware and Virginia, thereby satisfying the requisite diversity of citizenship under 28 U.S.C. § 1332(d).

### The Proposed Class Exceeds 100 Members

10. Under CAFA, federal courts have jurisdiction over proposed class actions that encompass at least one hundred putative class members. 28 U.S.C. § 1332(d)(5)(B).

11. The Complaint purports to be brought, *inter alia,* on behalf of a putative New Jersey statewide class consisting of all New Jersey citizens who had replacement brakes installed on their Audi Q7 vehicles between July 19, 2012 and the present at New Jersey Audi dealerships. The Complaint specifically alleges that the proposed class is comprised of "more than 100 class members." Compl. ¶ 18. Accordingly, this criterion is satisfied.

### The Amount in Controversy Exceeds $5,000,000

12. Based upon the allegations and requests for relief in the Complaint, the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

13. The Complaint alleges, *inter alia*, that Defendants knowingly sold replacement brakes that had a "substantial likelihood to routinely emit a loud

squealing noise when applied." Compl. ¶ 80. The Complaint asserts causes of action sounding in violation of the New Jersey Consumer Fraud Act, Breach of the Implied Warranties of Merchantability and Fitness for a Particular Purpose, Breach of Implied Contract, and Unjust Enrichment. Compl. ¶¶ 78-108. The complaint alleges that plaintiff and all members of putative class "each paid approximately $1,700 for new [replacement] brakes," and seeks recovery of an array of alleged damages including compensatory damages, **treble damages**, punitive damages, disgorgement and attorneys' fees. Compl. ¶ 85, 108 and Prayer for Relief, p. 17.

    14. The timing, frequency and need for brake related repairs on any motor vehicle is dependent upon many factors individual to the driver and vehicle, including the type(s) of driving, the types and frequency of braking, the manner in which the brakes were/are applied at given times or at all times, the amount of mileage driven, and the types of driving and roadway conditions to which each vehicle is exposed. Brakes wear out in the ordinary course of driving. Generally, it is not atypical that any given vehicle, whether or not an Audi Q7, will need brake related repairs/replacements after three to four or more years of driving, or more frequently depending upon the amount and extent of wear that a particular driver places on the brake components based on the amount of mileage driven and the amount and type(s) of braking involved.

15. The putative class alleged in the Complaint is unlimited as to model year Audi Q7 vehicles. More than 16,000 model year 2007 through 2018 Audi Q7 vehicles were sold or leased in the State of New Jersey. Of that number, more than 10,000 were model year 2007 through 2015 Audi Q7 vehicles. Given the average amounts of miles per year typically driven, and without even considering certain drivers' braking habits that would increase the wear on the brakes and the need for more frequent brake repairs/replacements, it is likely that a substantial number of those New Jersey Audi Q7 vehicles have, in the ordinary course, undergone at least one brake repair/replacement during the putative class period from July 19, 2012 to the present. Plaintiff alleges that his own driving experience resulted in the need to replace the brakes after approximately 40,000 miles of driving. Complaint ¶ 37-38.

16. In addition, more than 15,000 Audi Q7 brake pads and rotors were sold to New Jersey authorized dealerships during Plaintiff's putative class period of July 19, 2012 through the present.

17. Based on the number of model year 2007-2015 Audi Q7 vehicles sold/leased in New Jersey (not even considering the additional 2017-2018 model year vehicles), and the number of Audi Q7 replacement brake parts sold to New Jersey authorized Audi dealerships during the putative class period, it is highly likely that, at a minimum, 2,000 or more full Q7 replacement brake repairs, and

more than that number of partial Q7 brake repairs, were performed on Audi Q7 vehicles by New Jersey authorized dealerships during the putative class period.

18. Based upon Plaintiff's allegation that each putative class member had to pay approximately $1,700 for replacement brakes, and the fact that the Complaint seeks compensatory and treble damages, the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. In fact, even if only 981 (or less than 10%) of only the model years 2007-2015 Audi Q7 vehicles sold/leased in New Jersey had replacement brake components installed at authorized Audi dealerships in New Jersey from July 19, 2012 to the present, the CAFA amount in controversy is met based upon the alleged treble damages alone. This does not even consider that in addition to treble damages, Plaintiff and the putative class are seeking punitive damages as well as attorneys' fees, and the Complaint alleges that putative class members "each have or will be required to expend monies to conduct repair or replace their brakes to stop the constant squealing." Compl. ¶ 86; *see e.g., Carevel, LLC v. Aspen Am. Ins. Co.*, 2014 U.S. Dist. LEXIS 65928, *10 (D.N.J. May 14, 2014) ("punitive damages and attorneys' fees are part of the amount in controversy").

19. Accordingly, the "matter in controversy" in this case as to the claims of all individual putative class members exceeds the sum or value of $5,000,000, exclusive of interest and costs, which vests this Court with jurisdiction over this

action under 28 U.S.C. § 1332(d).  *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").[1]

20.     As the Supreme Court recently clarified, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014); *see Grace v. T.G.I. Fridays, Inc.*, 2015 U.S. Dist. LEXIS 97408, at *8-9 (D.N.J. July 27, 2015)  (noting that "the grounds for removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)…No evidentiary support is required…").  This standard has certainly been satisfied here.

21.     Finally, Plaintiff's self-serving allegation that "the total amount in controversy, including attorney's fees, is less than $5 million," Complaint, ¶ 14, is without weight and cannot prevent removal of this action.  The Supreme Court

---

[1] In making its good faith calculation of the amount in controversy, according to the allegations pleaded in the Complaint, Defendant does not concede or admit the legal or factual merits of Plaintiff's liability and damages claims, including the validity of any amount or measure of damages/relief sought.  Likewise, Audi of America, LLC does not concede or admit that this action satisfies the requirements for certification and maintenance of a class action under Fed. R. Civ. P. 23.  Audi of America, LLC expressly reserves all substantive and procedural rights and defenses with respect to all claims asserted and relief sought in this action.

held in *Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588 (2013), that even where a putative class representative stipulates that the class will not seek damages greater than $5 million, the action is still removable because the named plaintiff "cannot legally bind members of the proposed class before the class is certified." *Id.* at 593.  Accordingly, Plaintiff Browne's allegation that the amount in controversy is less than $5 million is not binding upon the proposed putative class and cannot prevent removal of this action.

## **PROCEDURAL MATTERS**

22.     This Notice of Removal is being filed within thirty (30) days after Defendant received a copy of the Complaint that was filed by Plaintiff in the Superior Court of New Jersey, Camden, Law Division.

23.     This Notice of Removal is being filed in the District of New Jersey, the district court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

24.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 5.2, attached as Exhibit A is a copy of all process, pleadings and orders served upon Audi of America, LLC., and other documents previously filed in state court.  Other than the documents attached as Exhibit A, no pleadings, process, or orders in this case have been served or otherwise received by Audi of America, LLC.

25. Promptly after filing this Notice of Removal, a copy of this Notice of Removal, along with the Notice of Filing of Notice of Removal, will be filed with the Clerk of the Superior Court of New Jersey, Camden County, Law Division pursuant to 28 U.S.C. § 1446(d). A copy of both documents will also be served upon Plaintiff, together with accompanying filings. A copy of the Notice of Filing of Notice of Removal notifying the Clerk of the New Jersey Superior Court, Camden County, Civil Division, of removal from state court, is annexed hereto as Exhibit B.

26. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE,** Defendant respectfully requests that this action be duly removed from the Superior Court of New Jersey, Camden County, Law Division, to this Court.

Dated: August 30, 2018         By: s/ Homer B. Ramsey
                               Homer B. Ramsey, Esq. (Bar No. 042661997)
                               Jeffrey L. Chase, Esq. (Bar No. 000501977)
                               Michael B. Gallub, Esq. (*Pro hac vice* to be filed)
                               **CHASE, KURSHAN, HERZFELD & RUBIN, LLC**
                               354 Eisenhower Parkway, Suite 1100
                               Livingston, New Jersey 07039
                               Telephone: (973) 535-8840
                               Facsimile:  (973) 535-8841
                               *Attorneys for Defendant,*
                               *Audi of America, LLC*