

**null / ALL**
**Transmittal Number: 18519486**
**Date Processed: 08/03/2018**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Stevi Honaker<br>Volkswagen Group of America, Inc.<br>2200 Ferdinand Porsche Drive<br>Herndon, VA 20171-5884 |

| | |
|---|---|
| **Entity:** | Audi Of America, LLC<br>Entity ID Number  3155618 |
| **Entity Served:** | Audi of America, LLC |
| **Title of Action:** | Donald F. Browne, Jr. vs. Audi AG |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Camden County Superior Court, New Jersey |
| **Case/Reference No:** | CAM-L-002684-18 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 08/02/2018 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Stephen P. DeNittis<br>856-797-9951 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**DeNITTIS OSEFCHEN PRINCE, P.C.**
**Stephen P. DeNittis, Esquire (031981997)**
**5 Greentree Centre**
**525 Route 73 North, Suite 410**
**Marlton, New Jersey 08053**
**(856) 797-9951**
**Attorneys for Plaintiffs**

| | |
|---|---|
| DONALD F. BROWNE, JR., on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AUDI AG and AUDI OF AMERICA, LLC, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> CAMDEN COUNTY <br><br> DOCKET NUMBER: CAM-L-2684-18 <br><br> **SUMMONS** |

From The State of New Jersey
To The Defendant(s) Named Above: Audi of America, LLC

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received the summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of services with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not

eligible for fee legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.


Dated:                                            /s/ MICHELLE M. SMITH
                                                  Clerk of the Superior Court

Name of defendant(s) to be served:    Audi of America, LLC
                                      c/o Corporation Service Company
                                      251 Little Falls Drive
                                      Wilmington, DE 19808

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn:  Intake
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House, 71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1262

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O Box 3000
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House, 413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN          NJ 08103

                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 379-2200
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JULY 19, 2018
                    RE:     BROWNE DONALD   VS AUDI AG
                    DOCKET: CAM L -002684 18

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     THE MANAGING JUDGE ASSIGNED IS:  HON DONALD J. STEIN

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 102
AT: (856) 379-2200 EXT 3060.

     THE ABOVE CASE HAS BEEN REMOVED FROM THE EXPEDITED CIVIL ACTIONS (ECA) PILOT
PROGRAM PURSUANT TO AN ORDER OF THE COURT.  DISCOVERY IS THE APPLICABLE NUMBER OF DAYS FOR
A STANDARD TRACK   2 CASE. RUNNING FROM THE DATE OF THE FILING OF THE FIRST RESPONSIVE
PLEADING.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                              ATT: STEPHEN P. DE NITTIS
                              DE NITTIS OSEFCHEN AND PRINCE
                              5 GREENTREE CENTRE
                              525 ROUTE 73 NORTH  STE 410
                              MARLTON          NJ 08053
ECOURTS

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-002684-18

**Case Caption:** BROWNE DONALD VS AUDI AG

**Case Initiation Date:** 07/19/2018

**Attorney Name:** STEPHEN P DE NITTIS

**Firm Name:** DE NITTIS OSEFCHEN AND PRINCE PC

**Address:** 5 GREENTREE CENTRE 525 ROUTE 73 NORTH STE 410

MARLTON NJ 08053

**Phone:**

**Name of Party:** PLAINTIFF : Browne, Donald, F

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

---

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
     If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
     If yes, for what language:

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/19/2018                                              /s/ STEPHEN P DE NITTIS
Dated                                                  Signed

**DeNITTIS OSEFCHEN PRINCE, P.C.**
**Stephen P. DeNittis, Esquire (031981997)**
**5 Greentree Centre**
**525 Route 73 North, Suite 410**
**Marlton, New Jersey 08053**
**(856) 797-9951**
**Attorneys for Plaintiffs**

| | |
|---|---|
| DONALD F. BROWNE, JR., on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AUDI AG and AUDI OF AMERICA, LLC, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> CAMDEN COUNTY <br><br> DOCKET NUMBER: CAM-L- <br><br> **CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. This is a class action, brought under New Jersey law, on behalf of a proposed class of New Jersey consumers who had replacement brakes installed on their Audi Q7 vehicles by authorized Audi dealerships in New Jersey.

2. Although the replacement brakes were specifically and especially designed, manufactured, and approved by Defendants to be installed on Audi Q7 automobiles, and were installed by authorized Audi dealerships consistent with uniform practices and procedures developed, implemented, and mandated by Defendants, they routinely and frequently emit a loud, high-pitched squealing noise when applied – at traffic lights, stop signs, pedestrian crossings, and anytime the driver attempts to stop the vehicle.

3. The brakes on a high-end, luxury automobile like the Audi Q7 should not squeal when applied.

1

4.      Defendants and their authorized dealerships have been informed of this defect with Audi Q7 replacement brakes, but have refused to repair or replace them.

5.      Indeed, Defendants have taken the position that "there is no fix" for the brake defect, and that "Audi, the manufacturer, considers brake noise acceptable."

6.      Thus, Plaintiff and the class are stuck with the embarrassment and chagrin of driving a luxury vehicle that routinely emits a loud and noticeable squealing noise at stops due to their defective brakes.

7.      Worse, Plaintiff and the class were induced by Defendants to pay approximately $1,700.00 for those defective, replacement brakes that routinely squeal when applied.

8.      As alleged in greater detail herein, Defendants' design, manufacture, and approval of defective replacement brakes and subsequent sale of such brakes to Plaintiff and the class, without informing Plaintiff and the class of their inherent defects, constitutes an omission of material fact and a deceptive business practice in violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq., and further violates New Jersey common law as set forth herein.

9.      This action seeks redress for Plaintiff and the class in the form of compensatory damages, punitive damages, and injunctive relief, which would include, inter alia, an order directing Defendants to cease the challenged practices, including the manufacture, sale, and installation of defective, noisy brakes, and initiate a program to provide refunds, repairs, and/or restitution to Plaintiff and the class.

## THE PARTIES

10.     Plaintiff Donald F. Browne, Jr. is an individual and citizen of New Jersey.

11.     Like all class members, Plaintiff owns an Audi Q7 automobile and had replacement brakes installed on that vehicle by an authorized Audi dealership in New Jersey.

2

12.     Defendant Audi of America, LLC is a Delaware limited liability company with its principal place of business located at 2200 Ferdinand Porsche Dr., Herndon, Virginia 20171. Audi of America, LLC is a wholly-owned U.S. subsidiary of Audi AG, and it has engaged in business, including the advertising, marketing, and sale of Audi automobiles and automotive parts – including the Audi Q7 and the defective replacement brakes described herein – in all 50 states, including New Jersey.  Audi of America, LLC owns, operates, manages, supervises, and/or controls Audi brand car dealerships in the United States, including New Jersey.

13.     Defendant Audi AG is a German corporation with its principal place of business in Ingolstadt, Germany.  Audi AG is the parent company of Audi of America, LLC and a subsidiary of the Audi Group, which is a wholly-owned subsidiary of VW AG.  Audi AG designs, develops, manufactures, and sells luxury automobiles and automotive parts, including the Audi Q7 and the defective replacement brakes described herein.

## JURISDICTION AND VENUE

14.     The Superior Court of Camden County, New Jersey has exclusive jurisdiction over this case, in that all claims pleaded are New Jersey state law claims and the total amount in controversy, including attorney's fees, is less than $5 million.

15.     This matter is properly venued in Camden County, New Jersey, in that Plaintiff is a resident of Camden County; Defendants own, operate, manage, and/or supervise an Audi authorized dealership in Cherry Hill, Camden County, namely Cherry Hill Audi; and Plaintiff purchased the defective brakes at, and had them installed by, Defendants' authorized dealership Cherry Hill Audi, located in Cherry Hill, Camden County.

## CLASS ALLEGATIONS

16.    Plaintiff brings this action as a class action pursuant to N.J. Court Rule 4:32, on behalf of a class defined as follows:

> **All New Jersey citizens who had replacement brakes installed on their Audi Q7 vehicles by an authorized Audi dealership in New Jersey between July 19, 2012 and the present.**

17.    The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

18.    Plaintiff believes and alleges at this time that there are more than 100 class members.

19.    There are common questions of law and fact affecting the rights of all class members, including the following:

a.    whether Defendants' uniform actions alleged herein occurred;

b.    whether the noisy, squealing replacement brakes designed, manufactured, and approved by Defendants to be installed on Audi Q7 automobiles are defective;

c.    whether Defendants have refused to repair or replace the defective brakes;

d.    whether Plaintiff and the class are entitled to injunctive relief in the form of an order establishing a Court-administered program to provide refunds, repairs, replacement, and/or restitution with respect to the noisy brakes;

e.    whether Defendants knew about the defects in the replacement brakes when it sold them to Plaintiff and the class;

f.    whether Defendants failed to disclose the defects in the replacement brakes to Plaintiffs and the class;

g.    whether Defendants' conduct was a violation of the New Jersey Consumer Fraud Act;

h.    whether Defendants' conduct constituted a breach of the implied covenant of good faith and fair dealing;

4

    i.   whether Defendants' conduct constituted a breach of the implied warranties accompanying the replacement brakes;

    j.   whether Defendants' continued refusal to repair or replace the defective brakes constitutes a continued, ongoing breach of contract and warranty; and

    k.   whether Defendants were unjustly enriched from their sale of defective brakes to Plaintiff and the class.

20.    Each of these enumerated questions of law and fact is common to each member of the proposed class.

21.    Plaintiff is a member of the class he seeks to represent, and Plaintiff's claims arise from the same factual and legal basis as those of the class; Plaintiff asserts the same legal theories as all class members.

22.    Plaintiff will thoroughly and adequately protect the interests of the class, having obtained qualified and competent legal counsel to represent himself and those similarly situated.

23.    The prosecution of separate actions by individual class members would create a risk of inconsistent adjudications, would be economically wasteful and would cause needless expenditure of judicial resources.

24.    Plaintiff is typical of the class in that his claims, like those of the class, arise from the same defective product and under the same legal theories.

25.    Defendants have acted on grounds generally applicable to the class by, inter alia, designing, manufacturing, and approving noisy, defective replacement brakes and requiring its authorized dealerships to install those noisy, defective replacement brakes on the Audi Q7 cars of Plaintiff and the class.

26.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5

## FACTS GIVING RISE TO THE CAUSES OF ACTION

27.     Defendants are designers, manufacturers, and sellers of Audi vehicles and automotive parts, including the Audi Q7 and its component parts.

28.     Specifically, Defendant Audi AG designed and manufactured the Audi Q7 automobile, its components, and its replacement parts, including the defective replacement brakes described herein, and approved those replacement brakes to be installed on the Audi Q7. Defendant Audi AG further developed and mandated the specifications for the replacement brakes on the Audi Q7, as well as practices and procedures for the installation of replacement brakes on the Audi Q7 by authorized Audi dealerships.

29.     Defendant Audi of America, LLC owns, operates, manages, supervises, and/or controls Audi dealerships in the United States, including Cherry Hill Audi, which is an authorized Audi dealership. Defendant Audi of America, LLC sells Audi automobiles, including the Audi Q7, and automotive parts, including the replacement brakes described herein, to customers in the United States. Defendant Audi of America, LLC also installs the automotive parts it sells, including the replacement brakes described herein, through its authorized Audi dealerships in the United States, including Cherry Hill Audi.

30.     The Audi Q7 is a midsize, luxury, crossover SUV designed, manufactured, and sold by Defendants from 2005 through the present. It was first sold in the United States in 2007.

31.     From 2007 through the present, Defendants have sold more than 206,000 Audi Q7s in the United States. The Audi Q7 has comprised about 12% of Defendants' total vehicle sales (nearly 1.69 million) in the United States during this time period.

6

32.     A new 2018 Audi Q7 has a starting MSRP of between $50,000 and $65,000, depending on the options package selected by the purchaser.  A fully-loaded, top-of-the-line Audi Q7 can sell for upwards of $90,000.

33.     In September 2014, Plaintiff purchased a used, "certified pre-owned" 2013 Audi Q7 from an authorized Audi dealership in New Jersey for approximately $53,000.00.  At the time of his purchase, Plaintiff's Q7 had 14,825 miles.

34.     In or around April of 2016, when Plaintiff's Q7 had approximately 30,381 total miles (approximately 15,500 of which had been driven by Plaintiff), he noticed that the original, factory-installed brakes had begun to squeak intermittently.  Plaintiff took his Q7 to Cherry Hill Audi, an authorized Audi dealership and service center owned, operated, controlled, supervised, and/or managed by Defendants, and had his brakes adjusted.

35.     The adjustment temporarily cured the squeaking issue with Plaintiff's original, factory installed brakes.  Although Plaintiff's original brakes ultimately began to squeak again on occasion over time, Plaintiff understood that older brakes – which had been in service for more than 40,000 miles and over 4 and a half years – would be more susceptible to making noise.

36.     Plaintiff's claims brought herein do not relate to the original brakes on his Audi Q7, which were installed by Defendants' Audi factory prior to his purchase of the car, nor do they relate in any way to Plaintiff's purchase of the car.  Rather, Plaintiff's claims relate solely to the replacement brakes he purchased from Defendants, and which were installed by Defendants' authorized dealership, several years after his purchase of the car itself.

37.     On October 12, 2017, Plaintiff took his Audi Q7 to Cherry Hill Audi for a 45,000 mile service.  At that time, Plaintiff's Q7 had 42,824 miles.

7

38.     Defendants' technician at Cherry Hill Audi recommended that Plaintiff replace his front and rear brake pads and rotors, as the pads were worn to a thickness of 4mm and 5mm respectively.

39.     Plaintiff took Defendants' recommendation and agreed to have his front and rear brakes replaced by Defendants' technician.

40.     Plaintiff paid Defendants' authorized dealership $924.72 to replace his front brake pads and rotors, which amount included $256.76 in labor and $658.96 for the following parts that Plaintiff purchased from Defendants:

      a.   1 7LO-698-151-R BRK LINING for $177.95;

      b.   1 7L0-698-269-A PARTS KIT for $98.31;

      c.   2 7L0-907-637 SENDER for $76.80;

      d.   1 7L8-615-301 BRAKE DISC for $152.95; and

      e.   1 7L8-615-302 BRAKE DISC for $152.95.

41.     Plaintiff also paid Defendants' authorized dealership $813.40 to replace his rear brake pads and rotors, which amount included $332.20 in labor and $481.20 for the following parts that Plaintiff purchased from Defendants:

      a.   1 7L0-698-269 PARTS KIT for $65.55;

      b.   1 7L0-698-451-H BRK LINING for $106.95;

      c.   2 7L0-907-637-C SENDER for $76.80; and

      d.   2 7L8-615-601-G BRAKE DISC for $231.90.

42.     In total, Plaintiff paid Defendants' authorized dealership, Cherry Hill Audi, a total of approximately $1,671.86 to replace the brakes on his Audi Q7 – $1,738.12 for parts and labor, less a 10% "insurance" discount of $173.81, plus New Jersey sales tax of $107.55 (6.875%).

8

43.     The brake parts that Plaintiff purchased for his Audi Q7 were genuine Audi Original Equipment Manufacturer ("OEM") parts, in that they were designed, manufactured, and/or approved by Defendants specifically to be installed on Plaintiff's car. Moreover, the brake parts were installed on Plaintiff's car by Defendants' technicians pursuant to uniform policies and procedures established and mandated by Defendants to be used in Defendants' authorized dealerships.

44.     In or around April of 2018, Plaintiff noticed that his new, replacement brakes had begun to emit a loud, squealing noise when braking.

45.     At this time, Plaintiff's new, replacement brakes were approximately 6 months old and had been on Plaintiff's Audi Q7 for less than 3,500 miles.

46.     Plaintiff took his Audi Q7 to Cherry Hill Imports, an auto group that includes Cherry Hill Audi, on April 30, 2018 and complained that his new, replacement brakes were squealing when braking. The mileage on Plaintiff's car at this time was 46,253.

47.     The technicians at Defendants' authorized Audi dealership test drove Plaintiff's car, but informed Plaintiff that they could not reproduce the squealing sound when braking. They inspected the braking system, however, and found that the rotors were "slightly groove[d]." The technicians further found "some discoloration on rotors and found hot spots." The recommendation was "possible … replacing brake pads and rotors to correct issue."

48.     Defendants' technician further informed Plaintiff that Defendants were aware of the squealing issue with Audi Q7 replacement brakes.

49.     Indeed, the technician told Plaintiff that Defendants had intentionally changed the composition of the Audi Q7 OEM replacement brake pads and rotors to increase their performance, and that the squealing was a recognized side effect of that modification.

9

50.     Defendants' service manager said that Defendants were working to resolve the issue and hoped to come up with a "fix" in approximately 2 weeks.

51.     Plaintiff continued to drive his Audi Q7.  Unfortunately, the squealing of Defendants' replacement brakes grew louder and more frequent, routinely squealing at stops for days in a row.

52.     On May 22, 2018, Plaintiff contacted the service manager at Defendants' authorized dealership, Cherry Hill Audi, to inquire about the status of the promised "fix" to his squealing brakes.

53.     The service manager replied that "Audi, the manufacture[r], considers brake noise acceptable."  Nevertheless, he promised to reach out to Defendants and get back to Plaintiff with an update.

54.     On May 24, 2018, Defendants' service manager contacted Plaintiff and said that he spoke with his "Audi rep" and "was told that there is no fix at this time" for the brake squealing problem on Plaintiff's Audi Q7.

55.     Plaintiff then contacted Defendant Audi of America, LLC to inform it of the brake squealing issue on his Audi Q7 and request a repair.  Plaintiff even sent Defendant a video of his car's brakes squealing loudly as Plaintiff applied them when approaching a stop sign.

56.     To date, however, Defendants have not provided any remedy for Plaintiff's squealing brakes.

57.     In sum, Defendants sold and installed on Plaintiff's Audi Q7 automobile a set of brakes for approximately $1,700.00 that, just 6 months and 3,500 miles after installation, frequently and routinely squeal loudly at stops.

58.     Defendants have repeatedly refused to correct this squealing problem.

59. Worse, according to Defendants' technicians and service managers, Defendants knew (or should have known) that their replacement brakes would squeal before selling the brakes to Plaintiff and installing them on his car, having purposely changed the composition of the brakes to increase performance and having received complaints about brake squealing issues from other Q7 owners. Despite this, Defendants did not inform Plaintiff – or any other customer – of this issue prior to charging them upwards of $1,700.00 for defective, squealing brakes.

60. As a result of Defendants' actions, Plaintiff must suffer the embarrassment and chagrin of driving a $50,000.00 automobile that routinely emits a loud, squealing noise at stops.

61. What happened to Plaintiff was not an accident or an isolated incident, nor are the defects described herein limited to the specific set brakes purchased by Plaintiff and installed on his Audi Q7 vehicle.

62. Rather, it was part of a uniform course of conduct by Defendants, in which Defendants installed defective replacement brakes on hundreds, if not thousands, of Audi Q7 vehicles in New Jersey.

63. Indeed, there are numerous reports on the internet of Audi Q7 drivers experiencing loud, frequent brake squealing on a relatively new set of OEM brakes.

64. Each of these Audi Q7 drivers has a reasonable expectation that newer brakes on a $50-90,000.00 luxury automobile should and would not squeal.

65. Further, Plaintiff and the class purchased replacement brakes from Defendants and had them installed on their automobiles with the expectation that $1,400.00 replacement brakes should and would not squeal.

11

66.     In fact, there are dozens of cheaper, aftermarket, non-OEM brake pads and rotors not manufactured by Defendants that will fit the Audi Q7s of Plaintiff and the class that do not routinely squeal when applied.

67.     Defendants knew of the defects in their brakes, including their likelihood to squeal, before selling them to Plaintiff and the class and installing them on their cars, but did not inform Plaintiff and the class of this fact.

68.     Specifically, Defendants have issued at least four Technical Service Bulletins ("TSBs") relating to squealing brakes on the Audi Q7, including on December 9, 2011; February 9, 2015; November 16, 2017; and December 5, 2017.

69.     Had Defendants informed Plaintiff and the class about these defects, Plaintiff and the class would not have purchased the defective brakes from Defendants and would not have installed them on their cars, but rather would have purchased and installed a different product.

70.     Moreover, Defendants knew that there were dozens of cheaper, aftermarket, non-OEM brake pads and rotors not manufactured by Defendants that would fit the Audi Q7s of Plaintiff and the class and would not routinely squeal when applied, but elected to sell their own defective brakes to Plaintiff and the class, and to install them on their cars, solely for Defendants' own profit.

71.     Once Plaintiff and the class became aware of the defects described herein, they requested that Defendants repair such defects, but Defendants have not done so.

72.     At bottom, Defendants knowingly sold a defective product to Plaintiff and the class, without disclosing such defect, and now refuse to provide a remedy, repair, or restitution for their actions.

12

73.    Defendants' conduct described herein constitutes an omission of material fact and a deceptive business practice in violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq., and further violates New Jersey common law.

### THE INJUNCTIVE AND DECLARATORY RELIEF SOUGHT

74.    Plaintiff and the class are in need of a program to repair or replace the squealing brakes on their Audi Q7 vehicles.

75.    Plaintiff and the class members should not be required to bear the burden of repairing or replacing their brakes when Defendants' conduct is solely responsible for the defective condition that makes such repairs or replacement necessary.

76.    Moreover, requiring and relying on individual class members to make such repairs or replacement would be less efficient and more costly than a standardized program to institute such repairs or replacement on a class-wide basis, under Court supervision.

77.    Accordingly, Plaintiff and the class seek an order directing that a program be established to repair or replace the defective, squealing brakes on the cars of Plaintiff and the class, to be administered by the Court under its equitable powers, with the Defendants being ordered to pay the costs associated with such a program, for as long as the Court deems necessary.

### COUNT I

### Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.

78.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

79.    Defendants have engaged in unconscionable business practices relating to the sale and installation of defective, squealing brakes on the Audi Q7 vehicles of Plaintiff and the class.

80.     The inherent defects in Defendants' brakes, in that they had a substantial likelihood to routinely emit a loud squealing noise when applied, was a fact material to the sale of those brakes to Plaintiff and the class, and to the installation of those brakes on the cars of Plaintiff and the class.

81.     Defendants failed to disclose the existence of this defect to Plaintiff and the class at the time Defendants sold the brakes to them and installed the brakes on their cars.

82.     As outlined previously, Defendants were aware of the inherent defects in their brakes at the time the brakes were sold to Plaintiff and the class and installed on their cars.

83.     Despite this, Defendants did not reveal the defects to Plaintiff and the class, either before, during, or after Defendants sold the brakes to Plaintiff and the class and installed the brakes on their cars.

84.     Thus, Defendants made knowing omissions of material fact in the sale and installation of these brakes and, by the acts alleged herein, engaged in unconscionable business practices.

85.     Plaintiff and the class have each suffered an ascertainable loss of money and property as a result of the unconscionable business practices described herein, having been deprived of the benefit of their bargain in that each paid approximately $1,700.00 for new brakes for their luxury automobiles, but received defective brakes that constantly squeal.

86.     Moreover, Plaintiff and the class each have or will be required to expend monies to conduct repairs or replace their brakes to stop the constant squealing.

## COUNT II

### Implied Warranty of Merchantability and Fitness for a Particular Purpose

87.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

14

88.     By operation of law, Defendants' brakes were covered by the implied warranty of merchantability and fitness for a particular purpose, which means that they must be fit for their ordinary and intended purposes and use.

89.     By the fact alleged herein, Defendants' brakes are not fit for their ordinary or intended use.

90.     Indeed, the fact that Defendants' brakes frequently and routinely make a loud squealing noise when applied render them unable to work as intended.

91.     Plaintiff and the class reasonably expected that brakes designed, manufactured, and/or approved for a use on a $50-90,000.00 car, themselves costing $1,700.00, would not regularly squeal.

92.     Consequently, Defendants have breached the implied warranties of merchantability and fitness for a particular purpose as to their brakes.

93.     Moreover, Defendants continue to breach the implied warranties of merchantability and fitness for a particular purpose because they refuse to repair or replace their defective brakes.

94.     All conditions precedent to Defendants' liability under the implied warranties of merchantability and fitness for a particular purpose have been fulfilled by Plaintiff and the class members or have been waived, in that, inter alia, Plaintiff and the class members have paid for the brakes, have provided Defendants with notice of the brakes' defects, and have sought relief from Defendants, but Defendants have refused to repair or replace them.

95.     As a direct and proximate result of Defendants' breach of the implied warranties of merchantability and fitness for a particular purpose, Plaintiff and the class members have been injured and have suffered actual damages in an amount to be established at trial.

15

## COUNT III

### Breach of Implied Contract - Duty of Good Faith and Fair Dealing

96.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

97.     There was no express contract between Plaintiff and the class members and Defendants.

98.     By operation of New Jersey law, the facts alleged herein establish the existence of an implied contract for the sale and purchase of brakes between Defendants and Plaintiff and each class member.

99.     By operation of New Jersey law, there was an implied covenant of good faith and fair dealing in each such implied contract.

100.    The conduct by Defendants described herein breached that covenant.

101.    Specifically, Defendants breached that covenant by failing to inform Plaintiff and the class of the likelihood that their brakes would squeal prior to selling and installing the brakes on the cars of Plaintiff and the class.

102.    Defendants continue to breach that covenant by refusing to repair or replace the defective brakes on the cars of Plaintiff and the class.

103.    As a result of Defendants' breach, Plaintiff and each class member has suffered damages.

## COUNT IV

### Unjust Enrichment/Disgorgement

104.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

105.    This claim is alleged in the alternative to Plaintiff's claims for money damages.

106.    By the acts alleged herein, Defendants received a benefit from Plaintiff and the class, in the form of fees paid to Defendants by Plaintiff and the class for the purchase of replacement brakes from Defendants.

107.    The retention of that benefit by Defendants would be unjust because, inter alia, the replacement brakes that Defendants sold to Plaintiff and class were defective due to their persistent squealing, and Defendants were aware of these defects prior to the sale but failed to inform Plaintiff and the class.

108.    By the facts alleged herein, equity demands that Defendants disgorge themselves of this benefit and that the benefit be returned to Plaintiff and the class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to:

a.    Certify this matter as a class action pursuant to R. 4:32;

b.    Enter an order for injunctive relief against Defendants, establishing, under the Court's equitable powers and at Defendants' expense, a Court-administered program to repair or replace the brakes on the vehicles of Plaintiff and the class;

c.    Enter judgment in favor of each class member for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;

d.    Award Plaintiff and the class treble and punitive damages;

e.    Award Plaintiff reasonable attorneys' fees and costs; and

f.    Grant such other and further legal and equitable relief as the Court deems just and proper.

DeNITTIS OSEFCHEN PRINCE, P.C.

Dated:  July 19, 2018

BY: _____
STEPHEN P. DeNITTIS

17

## JURY TRIAL DEMAND

PLEASE TAKE NOTICE that the Plaintiff hereby demands a trial by jury as to all parties.

## CERTIFICATION PURSUANT TO N.J.S.A. 56:8-1, et seq.

The undersigned hereby certifies that a copy of this complaint has been forwarded to the Attorney General of the State of New Jersey.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Stephen DeNittis is designated as trial counsel.

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify, pursuant to R. 4:5-1, that to the best of my knowledge, information and belief at this time the matter in controversy is not the subject of any other action pending in any Court, nor of any pending arbitration proceeding, that no other action or arbitration is contemplated, and further that there are no other parties who should be joined in this action.

DeNITTIS OSEFCHEN PRINCE, P.C.

BY: _____

STEPHEN P. DeNITTIS

Dated: July 19, 2018

18

**DeNITTIS OSEFCHEN PRINCE, P.C.**
**Stephen P. DeNittis, Esquire (031981997)**
**5 Greentree Centre**
**525 Route 73 North, Suite 410**
**Marlton, New Jersey 08053**
**(856) 797-9951**
**Attorneys for Plaintiffs**

| | |
|---|---|
| DONALD F. BROWNE, JR., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AUDI AG and AUDI OF AMERICA, LLC,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION CAMDEN COUNTY<br><br>DOCKET NUMBER: CAM-L-2684-18<br><br>**AFFIDAVIT OF SERVICE** |

**Person to be Served:**   **Audi of America, LLC**
**c/o Corporation Service Company**
251 Little Falls Drive
Wilmington, DE 19808

**By Serving:**                                          **Cost of Service pursuant to R.4:4-3(c)**
                                                            $_____

**Attorney:**
**Papers Served:**
*Summons, Lawyer referral info, complaint, track assignment & plaintiff's discovery requests*
**Service Data:** (✓) Served Successfully   ( ) Not Served

**Date/Time:** 8/2/18  2:55 Am                  **Attempts:**   Date/Time
                                                                            Date/Time
( ) Delivered a Copy to him/her personally                     Date/Time

( ) Left a copy with a competent household member over
   14 years of age residing therein (indicate name and
   relationship at right                                 Name of Person Served and relationship/title

(X) Left a copy with a person authorized to accept       Sami Azer
   service, e.g. Managing Agent, registered  agent,      Representative
   etc. (indicate name and official title at right)

**Description of Person Accepting Service**

SEX: ___ AGE:___Height___Weight_____SKIN_____HAIR_____OTHER:_____

1

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) no such street in municipality
( ) Defendant is evading service
( ) No response on:       Date/Time
                          Date/Time_____
                          Date/Time_____

Other:

**Served Data:**
Subscribed and Sworn to me this
2nd   Day of aug , 20 18
Notary Signature

DAWN M. FARLEY
NOTARY PUBLIC STATE OF NJ
MY COMMISSION EXPIRES
JANUARY 3, 2023

I, _DAVID MITCHAL_
Was at the time of service a competent adult
not having a direct interest in the litigation
I declare under penalty of perjury that the
foregoing is true and correct.

Signature of Process Server        Date
                                   8/2/18

2